IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION — UNITED HEALTHCARE WORKERS WEST; CAROL BLACK,<br><br>Respondents.<br>_____ / | No. C 06-07090 WHA<br><br>**ORDER REQUIRING OBEDIENCE TO SUBPOENA *DUCES TECUM* AND SUBPOENA *AD TESTIFICANDUM* AND VACATING HEARING** |

The National Labor Relations Board has filed an application for an order requiring (1) respondent Service Employees International Union — United Healthcare Workers West to obey a subpoena *duces tecum*, and (2) respondent Carole Black to obey a subpoena *ad testificandum*. Both subpoenas were issued by the Board. For the reasons stated below, the Board's application is **GRANTED**.

The relevant Ninth Circuit authority on this issue holds:

> The scope of a court's inquiry in an agency subpoena enforcement proceeding is narrow. The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation. If the agency establishes these factors, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome.

*NLRB v. No. Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996) (internal citations and quotations omitted). Respondents oppose the Board's application on the grounds that the subpoenas are unreasonable, unduly burdensome, and that the Board has no authority to compel a person to give answers under oath.

With respect to the subpoena *ad testificandum*, the Board requested that respondent Black testify about specific topics in connection with the investigation of a pending charge filed by Jayleen Michelle Scott. Specifically, Black was asked to testify about: (1) conversations she had with Medea Lewis and Jayleen Michelle Scott in December 2003 concerning Scott's protected concerted activity, (2) the events leading up to Scott's discharge, (3) what was said to Scott at the discharge meeting on December 16, 2003, and (4) the specific reason for Scott's discharge on December 16, 2003 (App. Exh. 10). Respondents do not contest these topics' relevance and materiality to the Board's investigation. This order holds that to require Black to give testimony on these topics under oath would not be unduly burdensome or unreasonable.

Respondents allege that it is beyond the Board's authority to compel a person to testify under oath. Not so. The relevant statutory provision grants the Board the power to "issue . . . . subpenas requiring the attendance and *testimony* of witnesses or the production of any evidence in such proceedings or investigation." 29 U.S.C. 161(1) (emphasis added). In a different context, the Supreme Court has held that "the word 'testimony' refers only to statements made under oath or affirmation." *United States v. Salerno*, 505 U.S. 317, 322 (1992) (citing Black's Law Dictionary 1476 (6th ed. 1990)). Magistrate Judge Maria-Elena James recently held in an action similar to the instant one that "there is no reason to believe that Congress intended [in Section 161(1)] any other meaning than testimony under oath" (Reply Br. Exh. 1). This order agrees that, pursuant to its investigative authority, the Board has the power to require testimony or affidavits under oath.

In their brief, respondents contend that "testimony" does not mean "under oath." But respondents offer no reasonable basis for their definition of "testimony." Respondents cite to the Board's case-handling manual, which states: "(c) Refusal to Swear to Affidavit: When a

2

witness refuses to swear to an affidavit, the Board agent should seek to have the witness sign or initial the affidavit without taking an oath." NLRB Casehandling Manual, Pt. 1, Sec. 10054.3. Based on this passage, respondents contend that the Board itself is more interested in investigating facts, rather than "forc[ing] individuals into signing affidavits or testifying under oath" (Br. 5). Respondents are wrong. The manual does not detract from the Board's subpoena power that is enumerated in 29 U.S.C. 161. Indeed, the manual itself plainly reaffirms the Board's subpoena power: "Uncooperative Witnesses: If all informal efforts fail to achieve cooperation, the Regional Office should assess whether issuance of an investigative subpoena is appropriate." NLRB Casehandling Manual, Pt. 1, Sec. 10054.3. Interviewing witnesses without an oath, as an "informal effort," is acceptable according to the Board's manual. But such informal methods do not detract from the Board's power to subpoena witnesses who, like respondents here, are "uncooperative." Those witnesses may be subjected to the Board's "formal" power to subpoena them to testify under oath. Respondents' interpretation of "testimony" is frivolous. The Board is entitled to receive Black's testimony under oath.

Finally, respondents contend that they have produced two documents in their control that are responsive to the subpoena *duces tecum*. Respondents admit, however, that there is a third responsive document. They contend that respondent Black has been unable to find it. The Board is clearly correct that it is not overly broad or unduly burdensome to require respondent Black to state under oath that she has turned over all relevant documents in respondents' possession. The Board is also entitled to question respondent Black under oath about the documents she turned over and the process she went through to locate them. To so require would not be unreasonable or unduly burdensome.

For the foregoing reasons, respondents are ordered to obey the subpoena *duces tecum* and subpoena *ad testificandum* that have been served upon them by the Board.

Respondent Union, by its custodian of records, must appear before Scott M. Smith or other Board agent designated by the Regional Director of Region 20 of the Board, at such time and place as the Regional Director may designate, and produce the documents it has refused to

produce and give sworn testimony about those documents pursuant to subpoena *duces tecum* No. B-446469 issued by the Board to respondent Union on June 27, 2006, in Board Case 20-CA-31747.

Respondent Black must appear before Scott M. Smith or other Board agent designated by the Regional Director of Region 20 of the Board, at such time and place as the Regional Director may designate, and give sworn testimony and answer any and all questions relevant and material to the matter under investigation in the proceeding before the Board in Board Case 20-CA-31747, as required in subpoena *ad testificandum* No. A-75280.

Finding no further argument necessary, the hearing on this application is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 8, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4